**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

JUAN CARLOS GIL, an individual,

and

ACCESS 4 ALL, INC., a Florida not for

Profit Corporation,

                                              CASE:

     Plaintiffs,

 v.

CARROLLWOOD PARTNERS, LLC,
a Florida Limited Liability Company.



     Defendant.

_____/

## COMPLAINT

Plaintiffs, and JUAN CARLOS GIL and ACCESS 4 ALL, INC, on behalf of themselves and all other persons similarly situated (collectively hereinafter "Plaintiffs"), hereby sue, CARROLLWOOD PARTNERS LLC, a Florida Limited Liability Company, (collectively hereafter "Defendant") and as grounds allege:

JURISDICTION AND VENUE

1.     The Court has original jurisdiction over Plaintiffs' claims arising under 42 U.S.C. § 12181, *et seq*. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

2.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq*.

3.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 36.202, 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under

1

42 U.S.C. § 12181, *et seq.*

4.     Plaintiff, JUAN CARLOS GIL, is an individual over eighteen years of age, who resides in Florida and is otherwise *sui juris.*  Plaintiff, JUAN CARLOS GIL, is a member of the Not-for-profit Corporation, ACCESS 4 ALL, INC.

5.     Plaintiff, JUAN CARLOS GIL, is an individual over eighteen years of age, and is otherwise *sui juris.* Plaintiff, JUAN CARLOS GIL, is "disabled" and has at all times herein suffered from a "qualified disability" as defined by the ADA.

6.     Plaintiff, ACCESS 4 ALL, INC, is a Florida Not-for-profit Corporation, formed under the laws of Florida, and maintains its principal office in Miami-Dade County, Florida. Members of its organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA.  The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities.  ACCESS 4 ALL, INC and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.  One or more of its members has suffered an injury that would allow it to bring suit in its own right.  ACCESS 4 ALL, INC has also been discriminated against because of its association with its disabled members and their claims.

7.     At all times material, Defendant, CARROLLWOOD PARTNERS LLC, was and is a Florida Limited Liability Company located in Florida and doing business in the State of Florida, owning and operating a shopping plaza in the State of Florida, and deriving substantial revenue from the State.

8.      At all times material, Defendant, CARROLLWOOD PARTNERS LLC, owned, leased, and/or operated the Commercial Property located at 14366 North Dale Mabry Hwy., Tampa, FL 33618 (hereinafter "Commercial Property") operated as "Grand Plaza".

9.      Venue is properly located in the Middle District of Florida pursuant to 28 U.S.C.A. § 1391(b) in that all events giving rise to this lawsuit occurred in Tampa, Florida.

10.     Defendant's Commercial Property at issue in this matter and the business therein are located in and around the Hillsborough County area. The Defendant regularly conduct business within Hillsborough County area, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Hillsborough County area.

FACTUAL ALLEGATIONS

11.     Plaintiff, JUAN CARLOS GIL, is an individual with disabilities as defined by and pursuant to the ADA.  Plaintiff, JUAN CARLOS GIL, is an advocate for the rights of blind and wheelchair bound disabled individuals (like himself). Plaintiff travels around the U.S. and internationally, including but not limited to events aimed at, or geared toward, people with disabilities.  Plaintiff, Gil, is also an active member of the National Federation of the Blind and on the board of directors for Access.  As such, he actively promotes both groups and addresses the needs of active and prospective members of both organizations and the disabled community at large, on his travels.

12.     Plaintiff, JUAN CARLOS GIL, visited the Commercial Property on February 5, 2026.  Plaintiff, JUAN CARLOS GIL, was in the Tampa area for a triathlon camp and was having brunch with some friends at one of the businesses located in the Commercial Property. Plaintiff, JUAN CARLOS GIL, intends to return to the Commercial Property during the summer of 2026.

13.     Defendant has discriminated against Plaintiffs by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property as prohibited by 42 U.S.C. § 12182, *et seq.*

14.     Defendant has discriminated, and continue to discriminate, against Plaintiffs in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992. A list of the violations that Plaintiffs encountered during their visits to Defendant's Commercial Property includes, but is not limited to, the following specific defect violations of the ADA:

A.     Parking and Exterior Routes

i.     Routes to site arrival points are inaccessible, violating § 206 of the 2010 ADA Standards for Accessible Design and impeding Plaintiffs' mobility within the parking areas.

ii.     Parking spaces lack required access aisles, violating § 502.3 of the 2010 ADA Standards for Accessible Design and impeding Plaintiffs' access to parking.

iii.     Curb ramp protrudes into access aisle creating slopes greater than 5%, violating § 606.5 and 502.4 of the 2010 ADA Standards for Accessible Design and restricting Plaintiffs' mobility within the parking areas.

B.     Access to Goods and Services

i.     Dining surfaces at Brunchie's restaurant lack required toe clearance, violating § 902, 306 and 226 of the 2010 ADA Standards for Accessible Design. The improper design impedes Plaintiffs' ability to access the dining areas.

ii.     Less than 5% of dining surfaces at Jeremiah's Italian Ice are accessible, violating § 226 of the 2010 ADA Standards for Accessible Design. The improper design impedes Plaintiffs' ability to access the dining areas.

4

iii.    Counters set higher than 34 inches  at 4 Rivers restaurant,  violating § 226 and 902 of the 2010 ADA Standards for Accessible Design.  The improper design impedes Plaintiffs' ability to access the dining areas.

C.    <u>Restrooms</u>

i.    Brunchie's restaurant mirror set higher than forty-six inches, violating § 603.3 of the 2010 ADA Standards for Accessible Design and impeding Plaintiffs' access to the restroom.

ii.    Brunchie's restaurant sink lacks required knee and toe clearance, violating § Sections 603.2 and 306 of the 2010 ADA Standards for Accessible Design and impeding Plaintiffs' access to the restroom.

iii.    Brunchie's restaurant soap and towel controls set higher than forty-eight inches, violating § 308 and 606 of the 2010 ADA Standards for Accessible Design and impeding Plaintiffs' access to the restroom.

iv.    Brunchie's restaurant stall door lacks required hardware, violating § 604.8 of the 2010 ADA Standards for Accessible Design and impeding Plaintiffs' access to the restroom.

v.    Brunchie's restaurant grab bars set greater than thirty-six inches  and obstructed from above, violating § 604.5 and 609 of the 2010 ADA Standards for Accessible Design and impeding Plaintiffs' access to the restroom.

vi.    Brunchies restaurant toilet flush controls not mounted to open side, violating § 604.6 of the 2010 ADA Standards for Accessible Design.

vii.    Jeremiah's toilet paper dispenser set greater than nine inches from bowl rim, violating § 604.7 of the 2010 ADA Standards for Accessible Design and impeding Plaintiffs'

access to the restroom.

viii.    Jeremiah's toilet flush controls not mounted to open side, violating § 604.6 of the 2010 ADA Standards for Accessible Design.

ix.    Jeremiah's restroom controls are set higher than fifty-four inches, violating § 308 and 606 of the 2010 ADA Standards for Accessible Design and impeding Plaintiffs' access to the restroom.

x.    4 Rivers restaurant mirror set higher than forty-five inches, violating § 603.3 of the 2010 ADA Standards for Accessible Design and impeding Plaintiffs' access to the restroom.

xi.    4 Rivers restaurant sink lacks required insulation, violating § 606.5 of the 2010 ADA Standards for Accessible Design and impeding Plaintiffs' access to the restroom.

xii.    4 River restaurant sink set higher than thirty-five inches, violating § 606.3 of the 2010 ADA Standards for Accessible Design and impeding Plaintiffs' access to the restroom.

xiii.    4 Rivers restaurant stall door lacks required hardware, violating § 604.8 of the 2010 ADA Standards for Accessible Design.

xiv.    4 Rivers restaurant restroom door latch side clearance is obstructed due to a policy issue, violating § 404.2.4 of the 2010 ADA Standards for Accessible Design.

15.    Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and/or 28 CFR 36.505.

## <u>ADA VIOLATIONS</u>

16.    Plaintiffs adopt and re-allege the allegations set forth in paragraphs 1 through 15

above as though fully set forth herein.

17. The discriminatory violations described in this Complaint are not an exclusive list of Defendant's ADA violations. Plaintiffs request an inspection of Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiffs further request to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiffs from further ingress, use, and equal enjoyment of the Commercial Property and the business(es) therein; Plaintiffs request to be physically present at such inspection in conjunction with Rule 34 and timely notice.

18. The Plaintiffs, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs, and activities offered by Defendant's Commercial Property and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above. The Plaintiffs, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

19. Defendant has discriminated against the Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against Plaintiffs, and all those similarly situated, by failing to make reasonable

7

modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

20.    Plaintiffs are without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiffs. Plaintiffs have retained the undersigned counsel and are entitled to recover attorneys' fees, costs, and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

21.    A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

22.    Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992. All other conditions precedent have been met by Plaintiffs or waived by Defendant.

23.    Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs' Injunctive Relief, including an order to alter the property where Defendant operates their business(es) located within the Commercial Property, the interiors, exterior areas, and the common exterior areas of the Commercial Property to make those facilities readily accessible

and useable to the Plaintiffs and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures their violations of the ADA.

**WHEREFORE**, the Plaintiffs respectfully request the Court:

a.      Issue a Declaratory Judgment determining Defendant, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181.

b.      Issue injunctive relief against Defendant, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

c.      Grant an award of attorneys' fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205.

d.      Grant such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: April 13th, 2026                    Respectfully submitted,


By: _____

John A. Salcedo, Esq.
Florida Bar No.: 14665
The Mineo Salcedo Law Firm, P.A.
5600 Davie Road
Davie, FL 33314
T: 954.463.8100
E: jsalcedo@mineolaw.com
Attorney for Plaintiffs

10